**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10425 |
| Plaintiff - Appellee, | D.C. No. 5:08-cr-00512-JF |
| v. | |
| OMAR CARBALLO-DELGADO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Omar Carballo-Delgado appeals his jury-trial conviction for illegal re-entry

following deportation, in violation of 8 U.S.C. § 1326.  We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Carballo-Delgado contends that we must vacate his conviction because the penalty sheet accompanying his superseding indictment misstated the applicable statutory maximum, and the district court did not advise Carballo-Delgado of the correct statutory maximum when Carballo-Delgado was re-arraigned on this indictment.

Even assuming, without deciding, that error occurred, Carballo-Delgado cannot establish that substantial rights were affected. *See United States v. Olano*, 507 U.S. 725, 731-34 (1993) (describing plain error standard). The record does not support Carballo-Delgado's contention that, at the time he elected to proceed to trial, he believed he faced a statutory maximum of ten years rather then twenty years. Both the original information to which Carballo-Delgado pled not guilty and the pre-plea investigative report requested and considered by the parties prior to Carballo-Delgado's re-arraignment included the correct statutory maximum. Carballo-Delgado therefore fails to establish "a reasonable probability that, but for [the error claimed], the result of the proceeding would have been different." *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004) (citation omitted).

**AFFIRMED.**